### WECHSLER v. O. J. GUDE CO.

(Supreme Court, Appellate Term.   July 6, 1909.)

LANDLORD AND TENANT (§ 154*)—BREACH BY LESSEE OF COVENANT TO REPAIR
—DAMAGES.

Where an action by a landlord for the breach of lessee's covenant to repair is brought before the expiration of the term, the measure of damage is the injury to the reversion, and the action must be dismissed for failure to show such damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §. 154.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Sigmund Wechsler against the O. J. Gude Company. From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Ralph V. Wechsler (Sigmund Wechsler, of counsel), for appellant.

Mayer & Gilbert (A. S. Gilbert, of counsel), for respondent.

GILDERSLEEVE, P. J.  This action was brought during the continuance of a written lease to recover the reasonable costs of repairs, which the defendant was bound, under said written contract of lease, to do, but which defendant refused to do, and which plaintiff himself did at his own expense.  The action is for breach of contract to repair.   Under the authority of Appleton v. Marx, 191 N. Y. 81, 83 N. E. 563, 16 L. R. A. (N. S.) 210, where an action, brought by a landlord for the breach of a lessee's covenant to keep the premises in repair, is commenced before the expiration of the term, the measure of damage is the injury done to the reversion, while, if the action is brought after the expiration of the term, the measure of damage is the cost of putting the premises into repair.  Plaintiff sought to prove damages upon the latter theory; but, as the action was brought before the expiration of the term, the court dismissed the complaint for failure to show damage to the reversion, but without

prejudice to a new action. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

SEABURY, J., concurs.

MacLEAN, J. (dissenting). Judgment went against the plaintiff, and it is sought to sustain it upon this appeal upon a ruling in Appleton v. Marx, 191 N. Y. 81, 83 N. E. 563, 16 L. R. A. (N. S.) 210, wherein it was said:

"The rule laid down by the leading text-writers is that, where an action for the breach of a lessee's covenant to keep in repair. is brought before the expiration of the term, the measure of damages is the injury done to the reversion," with citation of "Mr. Mayne, an author whose work has frequently been referred to with approval in the English courts."

Be the rule laid down by foreign text-writers respecting covenants in leasing premises demised entire so, or otherwise, announcement of it was hardly called for in the cause then under discussion, since it appears from the report and from the appeal book that the Appletons did not begin their action for breach of the covenant to repair in a lease for five years from May 1, 1897, until May 28, 1902, when Marx's term had expired and the premises were in possession of a new tenant, who had made the repairs, or some of the repairs, covenanted, but left unperformed, by Marx.

The action presently under consideration was begun before the expiration of the period accorded to the defendant for occupancy of the roofs of the plaintiff's premises Nos. 151–153 West 125th street for painted or illuminated advertising purpose under a writing, called thereon a lease, wherein it was "agreed that the O. J. Gude Company is to keep roofs in repair." Evidence was given upon the trial tending to show that the roof was in good condition at the time the agreement was entered into; that after, and because of, putting up the advertising sign, the roof began leaking, to the damage of the walls and ceiling in the lodge room below, and endangering the fall of the ceilings; that the defendant refused, although repeatedly requested, to repair the roof; and that the plaintiff did make repairs thereto at considerable expense. Some of this evidence was stricken out, and other to similar effect was refused by the learned trial justice, who ruled that the measure of damages to be applied was the injury to the reversion, and who at the close of the plaintiff's case, the defendant also resting, dismissed the case on the ground that the plaintiff had not shown any damages of which the law could take cognizance.

In words, this provision in the writing, as words are commonly understood by persons of ordinary understanding, imported a continuing assurance to the landlord of a sound roof to his building. Surely the protection apparently so plainly bargained is not transmutable by reasoning into the owner's hope deferred, and he exposed the while to ruin of the interior of his building and to actions for damage done to goods and chattels on the floor below, demised to tenants besides. "The law seems well settled," said Nelson, J., in Schieffelin v. Carpenter, 15 Wend. 400, "that under a covenant to repair, like the one in question, the landlord need not wait till the expiration of the term

before bringing an action for the breach, under an idea that the tenant may, before he leases the premises, put them in good condition." This was recognized as the correct rule in Agate v. Lowenbein, 57 N. Y. 604, 605. It has been followed repeatedly.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.